**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| David Robert Slipka, | Civ. No. 10-381 (JNE/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Chase Home Finance, LLC, | |
| Defendant. | |

David Robert Slipka, 14962 80th Place North, Maple Grove, MN 55311, *pro se* Plaintiff.

Aleava Rael Sayre, Esq., Calvin P. Hoffman, Esq., and Marc D. Simpson, Esq., Leonard Street and Deinard, PA, counsel for Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

**INTRODUCTION**

This matter is before the Court on Defendant Chase Home Finance, LLC's Motion for Summary Judgment (Doc. No. 37), and Plaintiff's Motion to Compel and 56(f) Motion for a Continuance (Doc. No. 47). Plaintiff David Robert Slipka appeared at the hearing, and is representing himself *pro se*. Marc D. Simpson and Calvin P. Hoffman appeared for Defendant Chase Home Finance, LLC. The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons stated below, this Court recommends that Defendant's summary-judgment motion be granted, Plaintiff's

motion be denied, and all claims against Defendant Chase Home Finance, LLC, be dismissed with prejudice.

## BACKGROUND

In 2005, Plaintiff obtained a loan for the purchase of the property located at 14962 80th Place North, Maple Grove, Minnesota 55311 (the "Property"). (Doc. No. 42, Affidavit of Thomas E. Reardon ("Reardon Aff.") ¶¶ 4-5.) As part of this transaction, Plaintiff granted a mortgage in favor of Chase Bank USA, N.A. ("Chase Bank"), in the amount of $280,500.00 (the "Mortgage"). (*Id.* ¶ 4.) The Mortgage is dated December 16, 2005, and was recorded on February 7, 2006, in the office of the Registrar of Titles of Hennepin County, Minnesota as Document No. 4223362. (*Id.* ¶ 4, Ex. A.) The Mortgage secures repayment of a promissory note (the "Note"), also dated December 16, 2005. (*Id.* ¶ 5, Ex. B.) At the closing on December 16, 2005, Plaintiff signed the Note in blue ink. (Doc. No. 1, Attach. 1 ("Compl.") ¶ 3A.)

The Mortgage provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Reardon Aff. ¶ 4, Ex. A at 14 of 22.) Similarly, in the Note, Plaintiff acknowledged that "the Lender may transfer this Note" and that "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Reardon Aff. ¶ 5, Ex B at 1 of 5.)

On August 10, 2007, Chase Bank assigned all of its rights and interests in the Mortgage and Note to JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), c/o Chase Home Finance, LLC. (*Id.* ¶ 7.) Chase Home Finance, LLC ("Chase"), is the authorized servicer of the mortgage. The Assignment of Mortgage was recorded on August 22, 2007, in the office of the Registrar of Titles of Hennepin County, Minnesota as document number 4418278. (*Id.* ¶ 7, Ex. C.)

In 2008, Plaintiff defaulted on his mortgage payments. In June 2008, Chase entered into a Forbearance Agreement and Repayment Plan (the "Repayment Plan") with Plaintiff that was designed to cure his arrearages and default under the Note. (*Id.* ¶ 8, Ex. D.) But then Plaintiff defaulted on the terms of the Repayment Plan by failing to make the required payments due thereunder. Plaintiff has not made any payment toward the Mortgage since September 1, 2008. (*Id.* ¶¶ 8-10.) The Repayment Plan provided that, in the event of default, Chase's agreement to forbear from foreclosure shall cease and Chase may declare the entire principal balance and other related charges immediately due and payable and foreclosure proceedings could be instituted. (*Id.* at ¶ 11, Ex. D at 4 of 5.)

Chase then initiated foreclosure proceedings on the Mortgage. (*Id.* at ¶ 12.) The Sheriff's Sale was held on July 22, 2009, and JPMorgan Chase, which bid $184,822.40, was the highest bidder and received the Sheriff's Certificate of Sale. (Doc. No. 5, Answer ¶ 10; Doc. No. 41, Affidavit of Calvin P. Hoffman ("Hoffman Aff.") ¶ 7, Ex. A.) The six-month redemption period expired

3

without Plaintiff redeeming from the foreclosure by delivering the required sum of $184,822.40 plus interest to JPMorgan Chase or Chase's normal place of business.  (Reardon Aff. ¶ 13.)

On January 15, 2010, Plaintiff filed this action in Hennepin County District Court.  (Doc. No. 1, Attach. 1 ("Compl").)  Without conceding proper service, Defendant removed the action to this Court on February 12, 2010, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. No. 1.)  On April 6, 2010, Defendant filed its Answer.  (Doc. No. 5.)[1]

On July 1, 2010, as part of the discovery in this case, Defendant Chase produced the original Note, containing Plaintiff's blue-ink signature, and the Mortgage for Plaintiff's inspection at the offices of Chase's counsel, Leonard Street and Deinard.  (Hoffman Aff. ¶ 8.)  Defendant also submitted a copy of the original Note in support of its summary-judgment motion.  (Reardon Aff. ¶ 5, Ex. B.)  At the hearing on the summary-judgment motion, Plaintiff contended that the original promissory note for the $280,500 loan shown to him by Chase's attorneys at the inspection containing his blue-ink signature was not, in fact, the

---

[1] After the Answer was filed, Plaintiff filed an Amended Complaint on May 12, 2010, raising additional claims, including claims under TILA and RESPA. However, Plaintiff never received Chase's consent or the Court's leave to amend. *See* Fed. R. Civ. P. 15(a)(1) (stating that a party may amend its pleading once as a matter of course within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading).  The Pretrial Scheduling Order set the deadline for amending pleadings as October 1, 2010.  No motion was ever brought to amend the Complaint, and thus the only claims before the Court are those pled in the Complaint dated January 15, 2010.

promissory note he signed, thus raising the specter of a fraudulent document. Plaintiff said he had another promissory note, different from the one produced by Chase, and he provided the Court with this other note, which he contends is the one shown to him by Chase. (Doc. No. 60, Aff. of David Robert Slipka in Resp. to Magistrate Judge's Request ¶ 6, Attach. 1.) This "other" promissory note was for a separate loan of $49,500, was not secured by the Mortgage in issue, and was not the subject of the foreclosure proceeding. Plaintiff, however, has come forward with no evidence to counter the fact that Chase holds the original note for $280,500.

## DISCUSSION

### I.  Standard of Review

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence, and the inferences that may be reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine

5

issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.     Analysis

Plaintiff is a homeowner whose property has been the subject of a foreclosure proceeding, now complete, which was initiated after Plaintiff defaulted on his purchase loan secured by a mortgage on the property. Plaintiff's Complaint asserts what has come to be known in the foreclosure-litigation business as a "show me the note" defense, a lawsuit strategy that has been circulating in courts, including our own, around the country. The thrust behind these "show me the note" suits is that the foreclosing mortgagee allegedly is not in possession of the original note and mortgage and, as a result, has engaged in fraud or trickery in the foreclosure process.

Here, Plaintiff claims that: (1) Chase[2] does not have the original Note and Plaintiff is, therefore, entitled to own the property; (2) Plaintiff was precluded from

---

[2] There are three Chase entities involved in this matter. The original lender and mortgagee was Chase Bank USA, N.A. ("Chase Bank"). Chase Bank later

redeeming the property in the foreclosure process because he was unable to see the original Note; and (3) the foreclosure proceedings were invalid because Chase did not present the original Note on demand.  The legal theories on which these claims are based include: (1) Chase is not a "holder in due course" under Minn. Stat. § 336.3-302; (2) Chase breached a contract to produce the original Note; and (3) Chase committed civil theft.  These claims, and the underlying legal theories advanced on their behalf, are the standard fare of the "show me the note" cases.  *See, e.g.*, *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1185-86 (N.D. Cal. 2009) (dismissing plaintiff's challenge to foreclosure which was based on defendant's failure to provide the original note); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (concluding that presentation of original note was not required prior to commencing foreclosure proceedings); *Robinson v. Wells Fargo Bank, N.A.*, 2010 WL 2534192 at *4 (D. Ariz. June 18, 2010) (rejecting the "show me the note," "holder in due course," breach of contract, and conversion arguments). Recently, summary judgment was granted in favor of Defendant Chase in a "show me the note" case in this Court that raised claims that are indistinguishable from those presented by Plaintiff here.  *See Stein v. Chase Home Fin., LLC*, Civ.

---

assigned the underlying promissory Note and Mortgage to JPMorgan Chase Bank, N.A. ( "JPMorgan Chase").  The authorized servicer of the Mortgage is Chase Home Finance, LLC ("Chase"), which was authorized to act on behalf of JPMorgan Chase.  The only Defendant named in the Complaint is the authorized servicer Chase, but Plaintiff's claims of wrongdoing are directed at the alleged conduct of the various Chase entities.

No. 09-1995 (MJD/JJG), 2010 WL 4736828 (D. Minn. Aug. 13, 2010), *adopted by*, 2010 WL 4736233 (D. Minn. Nov. 16, 2010).

What makes this particular case different from other such cases is that the Defendant here actually does possess the original Note signed by Plaintiff and has provided it to Plaintiff in this litigation.  Thus, Chase has what it has called a "here is the note" defense that serves, at least in part, as added support for this Court's recommendation that the summary judgment be granted.

### A.   Holder in Due Course/Validity of Foreclosure

Plaintiff alleges that Defendant Chase has violated "MN Statute 336.3-302 HOLDER DUE COURSE."  (Compl. ¶ 15.)  As best this Court can determine from its review of Plaintiff's pleadings, this claim is based on two arguments: (1) JPMorgan Chase is not a holder in due course because it was not properly assigned the original Note and Mortgage by Chase Bank U.S.A., the lender; and (2) the proper holder in due course of the Note and Mortgage did not produce the original promissory Note at the foreclosure sale or during the redemption period, and the foreclosure proceedings are thus invalid.

> A holder of an instrument is a "holder in due course" when:
>
> (1) the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
>
> (2) the holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series,

8

>  (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in section 336.3-306, and (vi) without notice that any party has a defense or a claim in recoupment described in section 336.3-305(a).

Minn. Stat. § 336.3-302(a).

The undisputed facts establish that Chase Bank, the original party to the Note, was a holder in due course with respect to the Note.  First, the record establishes that, when Plaintiff signed the Note, there was no apparent evidence of forgery or alteration.  Indeed, Plaintiff has acknowledged in his Complaint that he signed the Note in blue ink.  (Compl. ¶ 3A.)  Moreover, Plaintiff signed a contemporaneous Name Affidavit.  (Reardon Aff. ¶ 14, Ex. E.)  These undisputed facts establish that, when Chase Bank acquired the Note, it had no evidence of forgery or alteration.

Second, Chase Bank took the Note for value under Minn. Stat. § 336.3-302(2).  The Note was received for value because the undisputed facts show that Chase Bank loaned Plaintiff the sum of $280,500.00 at the same time as the execution of the Note and Mortgage.  (Reardon Aff. ¶ 4); *see Menard, Inc. v. King De Son, Co.*, 467 N.W.2d 34, 37 (Minn. Ct. App. 1991) (stating that a bank gives "value" when money is actually paid).  Chase Bank also received the Note in good faith.  *See Leininger v. Anderson*, 255 N.W.2d 22, 29 (Minn. 1977) (holding that good faith merely requires honesty of intent).  It is undisputed that Chase Bank had no intention other than to secure the repayment of its loan to Plaintiff when the Note was executed.  Finally, given the undisputed material

9

facts, Chase Bank received the Note without notice that it was overdue, unauthorized, or subject to a claim or defense. (Reardon Aff. ¶ 6.)

JPMorgan Chase c/o Chase became the holder in due course of the Note and Mortgage pursuant to an assignment from the original holder, Chase Bank. The Assignment of Mortgage specifically provides:

> FOR VALUABLE CONSIDERATION, Chase Bank USA, NA, a National Association under the laws of United States, Assignor, hereby sells, assigns and transfers to JPMorgan Chase Bank, N.A., c/o Chase Home Finance, LLC, 10790 Rancho Bernardo Road, San Diego CA 92127, Assignee, the Assignor's interest in the Mortgage dated December 16, 2005 executed by David Plaintiff, as Mortgagor, to Chase Bank USA, NA, as Mortgagee, and filed for record February 7, 2006, as Document Number 4223362 on Certificate No. 1175947 in the office of the Registrar of Titles of Hennepin County, Minnesota, together with all right and interest in the note and obligation therein specified and the debt thereby secured.

(Reardon Aff. ¶ 7, Ex. C.) In addition, the terms of the Note and Mortgage permitted the instruments to be assigned, and Plaintiff has presented no evidence that the assignment was not valid. (*See* Reardon Aff. ¶ 5, Ex B at 1 of 5 ("I understand that the lender may transfer this Note.").); *see also Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 272 (Minn. 2004) ("The general rule is that the right to receive money due or to become due under an existing contract may be assigned even though the contract itself may not be assignable. A contract to pay money may be assigned by the person to whom the money is payable, unless there is something in the terms of the contract manifesting the intention of the parties that it shall not be assigned.") (quoting Wilkie v. Becker, 128 N.W.2d 704, 708 (Minn. 1964); *TIG Ins. Co. v. Anderson*, 663 N.W.2d 1, 4–6

10

(Minn. Ct. App. 2003) (upholding assignment of mortgage and note based on a standard mortgage clause in an insurance policy).

"A valid assignment generally operates to vest in the assignee the same right, title, or interest that the assignor had in the thing assigned." *State ex rel. Southwell v. Chamberland*, 361 N.W.2d 814, 818 (Minn. 1985). In other words, the assignee who receives full title and interest "stands in the shoes of the assignor." *Delacy Invs., Inc. v. Thurman*, 693 N.W.2d 479, 485 (Minn. Ct. App. 2005) (quotations omitted). Therefore, as assignee, JPMorgan Chase took the Note as a holder in due course and had full authority to exercise all Chase Bank's beneficial rights under the Note.

As mentioned above, Plaintiff also argues that the foreclosure proceedings are invalid because the original promissory Note was not produced at the foreclosure sale or during the redemption period. Plaintiff's argument fails. Plaintiff has come forward with no proof that any of the statutory requirements for a non-judicial foreclosure were violated. There is no requirement that the original note or mortgage be produced at the foreclosure sale. Indeed, a sheriff's certificate of sale is prima facie evidence that a foreclosure is valid, *see* Minn. Stat. § 580.19,[3] and Defendant has presented the Sheriff's Certificate of Sale

---

[3]   Minn. Stat. § 580.19 states the following:

Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at

obtained at the foreclosure sale. Plaintiff has not presented any evidence, pursuant to his "show me the note" defense or otherwise, to rebut the presumption of validity arising from the fact that a Sheriff's Certificate of Sale was duly executed by the Hennepin County Sheriff's Office and recorded the same day as the sale. *See Dixon v. Deutsche Bank Nat'l Trust Co.*, Civ. No. 06-2858 (PJS/RLE), 2008 WL 4151835, *5 (D. Minn. Sept. 3, 2008) (stating that summary judgment should be granted against a plaintiff who claims title to real estate and fails to rebut a sheriff's certificate of sale).

In addition, Minn. Stat. § 580.23 provides the method by which a mortgagor may redeem a property after foreclosure. Within six months after the foreclosure sale, except as otherwise provided in subdivision 2 or section 582.032 or 582.32, the mortgagor must pay –

> the sum of money for which the same were sold, with interest from the time of sale at the rate provided to be paid on the mortgage debt as stated in the certificate of sale and, if no rate be provided in the certificate of sale, at the rate of six percent per annum, together with any further sums which may be payable as provided in sections 582.03 and 582.031.

Minn. Stat. § 580.23, subd. 1(a). The funds and necessary documents must be delivered "at the normal place of business of the recipient, on days other than Sunday, Saturday, and legal holidays, between the hours of 9:00 a.m. and 4:00 p.m." *Id*. § 580.23, subd. 1(b). The period to redeem may be extended in

---

> such sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired.

certain circumstances. *See Twenty Assocs. v. First Nat'l Bank & Trust Co.*, 273 N.W. 696, 697, 700 (Minn. 1937) (by agreement of the parties). However, there is no requirement that the original note be produced before a mortgagor may redeem. *See Stein*, 2010 WL 4736828, *3 (D. Minn. Aug. 13, 2010) ("Courts have routinely rejected the ["show me the note"] defense on the ground that foreclosure statutes simply do not require production of the original note at any point during the proceedings.") (citing *Mansour*, 618 F. Supp. 2d at 1181).

Here, Plaintiff failed to comply with Minn. Stat. § 580.23 in attempting to redeem the property. An attempt "to redeem must be accompanied by a demonstrated willingness and ability to pay the amount in default." *See O'Meara v. Olson*, 414 N.W.2d 563, 567 (Minn. Ct. App. 1987). The redemption period expired on January 22, 2010, and Plaintiff neither delivered the amount for which the Property was sold at the Sheriff's Sale, $184,822.40 plus interest, nor preserved his right of redemption under Minn. Stat. §§ 550.29 or 580.28 within the time allowed. (Reardon Aff. ¶ 13.) Further, the redemption period was not tolled by this action or any injunction. Defendant Chase did nothing to prevent Plaintiff from redeeming the property, and the parties did not agree to extend the redemption period. Moreover, even if commencement of a lawsuit can act to toll the redemption period, Plaintiff did not properly serve Defendant Chase before the redemption period expired on January 22, 2010, and therefore did not commence this action within the redemption period. (Hoffman Aff. ¶¶ 4-7); *see also Real Estate Equity Strategies, LLC v. I.R.S.*, 540 F.3d 860, 864 (8th Cir.

2008) (concluding that because mortgagor did not comply with the statutory requirements, it lost any interest in the property when the redemption period expired).

In sum, while Plaintiff contests the validity of the foreclosure sale, he has not proffered any competent evidence that would create a genuine issue of material fact. Therefore, this Court recommends that summary judgment be granted as to Plaintiff's claims in this regard.

### B. Breach of Contract

Plaintiff alleges that Chase "breached their [sic] contractual promise to Plaintiff to produce the original Note to redeem." (Compl. ¶ 19.) Plaintiff has not produced any agreement, or facts that would support that there was an agreement, that obligated Chase to produce the original Note to allow him to redeem the property and, as discussed above, Minnesota law does not require the production of the original note in order to effect redemption. Consequently, Plaintiff's claim for breach of contract should be dismissed. *See Motley v. Homecomings Fin., LLC,* 557 F. Supp. 2d 1005, 1013 (D. Minn. 2008) (stating that "Plaintiffs were required to plead sufficient facts to demonstrate why and how [defendant] allegedly breached its contracts with Plaintiffs [and that] it is not enough for them to simply recite the magic word 'breach' in order to avoid dismissal").

### C. Theft

14

Minnesota Statute § 604.14 provides that "[a] person who steals personal property from another is civilly liable to the owner of the property for its value when stolen . . . ." Plaintiff alleges that Defendant Chase engaged in "theft as proscribed by the Minnesota Civil Theft Act as codified in M.S. 604.14 et seq . . . ," but does not spell out exactly what "actions" by Defendant constitute the "theft." (Compl. ¶ 21.) Plaintiff has come forward with no evidence that Defendant Chase stole anything from him. The act of lawfully foreclosing on a mortgage is not a "theft." If Plaintiff is contending that the Note was his personal property and that Defendant Chase stole it by not returning it to him upon demand, the claim fails because pursuant to the terms of the Note, the note-holder (Chase Bank or its assignee) had the right to possess it and to retain it, no matter what demands were made by Plaintiff. Accordingly, this Court recommends granting summary judgment as to this claim.

### III.    Plaintiff's Rule 56(f) Motion for a Continuance and to Compel Discovery

Plaintiff contends, in what he describes as a Rule 56(f) motion, that there are "four basic errors by Defendant's lack of proper material evidence production and admission to material fact." (Doc. No. 47, Plaintiff's Mot. to Compel and 56(f) Mot. for Continuance ("Pl.'s Mot.") 2.) Whether these alleged "errors" are treated as arguments supporting why summary judgment should not be granted (that is, because they attempt to show that there are material issues of fact to be tried), or

as reasons for why the summary-judgment motion should be continued to allow for additional discovery, they fail on both accounts.

According to Plaintiff, the first alleged "error" is that Defendant Chase was required by the terms of the Mortgage to send Plaintiff a Notice of Default before accelerating the debt and commencing foreclosure, and that "[n]o certified mail document for contractual default has ever been presented to the Court." (*Id.*) However, it is undisputed that when Plaintiff initially went into default he entered into a Forbearance Agreement and Repayment Plan with Defendant Chase in June 2008. (Reardon Aff. ¶ 8, Ex. D.) Plaintiff explicitly acknowledged therein that he was in default under the terms of the Note and Mortgage. (*Id.*) He acknowledged that if there was any default under the terms of the Repayment Plan, or the terms of the Note and Mortgage, that foreclosure proceedings could be instituted. (*Id.*) Nothing in the agreed-upon Repayment Plan required Defendant Chase to provide Plaintiff with further notice, via certified mail or otherwise, before instituting foreclosure proceedings upon default, and this is consistent with Plaintiff's acknowledgement of his previous default under the Note and Mortgage. Therefore, there was no error by Defendant Chase in not providing further notice of default.

The second "error" alleged by Plaintiff is that Defendant Chase did not comply with Minn. Stat. § 580.04, which addresses the requisites of notice for the mortgage-foreclosure sale. The statute requires, among other things, that the notice include:

>    (1)   the name of the mortgagor, the mortgagee, each assignee of the mortgage, if any, and the original or maximum principal amount secured by the mortgage;
>
>    (2)   the date of the mortgage, and when and where recorded, except where the mortgage is upon registered land, in which case the notice shall state that fact, and when and where registered;
>
>    (3)   the amount claimed to be due on the mortgage on the date of the notice;
>
>    (4)   a description of the mortgaged premises, conforming substantially to that contained in the mortgage, and the commonly used street address of the mortgaged premises;
>
>    (5)   the time and place of the sale; [and]
>
>    (6)   the time allowed by law for redemption by the mortgagor, the mortgagor's personal representatives or assigns[.]

Minn. Stat. § 580.04. Here, the notice of mortgage foreclosure sale utilized in the foreclosure process contains all of this information and meets the statutory requirements on its face. (Doc. No. 58, Supplemental Aff. of Calvin P. Hoffman in Supp. of Chase Home Finance LLC's Mot. for Summ. J. ¶ 5, Ex. A.)

Plaintiff complains that the notice of mortgage foreclosure sale was not sent to him via certified mail. However, the Sheriff's Certificate of Sale is *prima facie* evidence that all the requirements of law, including service of the notice, were complied with in connection with the foreclosure. Minn. Stat. § 580.19. Plaintiff does not contend that the notice of sale was not actually served upon him, and he fails to identify a single deficiency with the notice of sale. And he has not identified any evidence to rebut the sheriff's certificate, nor has he identified any potential discovery that would serve to rebut the sheriff's certificate.

17

*See Dixon*, 2008 WL 4151835, *5 (D. Minn. Sept. 3, 2008) (holding that summary judgment must be granted against a plaintiff who claims title to real estate and fails to rebut a sheriff's certificate of sale). Therefore, Plaintiff's argument fails.

The third "error" alleged by Plaintiff is that Defendant Chase failed to record the Note and, as a result, failed to record the Mortgage. Plaintiff's argument is misplaced. Although Minn. Stat. § 580.02 provides that a mortgage and all assignments must be recorded prior to foreclosure by advertisement, there is no similar requirement for the underlying promissory note. Here, it is undisputed that the Mortgage was recorded on February 7, 2006, in the office of the Registrar of Titles of Hennepin County, Minnesota, as Document No. 4223362, and that the Assignment of Mortgage was recorded on August 22, 2007, in the office of the Registrar of Titles of Hennepin County, Minnesota, as Document No. 4418278. Thus, the statutory requirements of Minn. Stat. § 580.02 were met.

The fourth "error" alleged by Plaintiff does not make out any comprehensible claim. Plaintiff says that Defendant Chase "now assumes liability for prior existing defects in first mortgage and it's (sic) default and foreclosure by advertisement procedures and the law suit under Minn. Stat. 580.21 for recovery of monetary and title damages." (Pl.'s Mot., Attach. 1 at 3.) Whatever this means it does not raise any material factual dispute that would prevent the entry of summary judgment, nor does it present any reason why the summary-judgment motion should be continued per Rule 56(f).

Finally, Plaintiff's motion makes the broad allegation that Defendant Chase has withheld documents from Plaintiff in discovery in this case and, as a result, the summary-judgment motion should be denied or continued so that Plaintiff can "properly locate and examine material discovery evidence." (*Id.* (emphasis removed).) However, when filing a Rule 56(f) Affidavit, a party must demonstrate specifically "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975). Plaintiff has not identified specific relevant facts that might be revealed through discovery that would defeat summary judgment. *See Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999) (stating that Rule 56(f) requires "the filing of an affidavit with the trial court showing what specific facts further discovery might unveil") (quotations omitted). Discovery closed in this case on September 15, 2010, and Plaintiff has not established any good cause for now reopening discovery. Accordingly, Plaintiff's motion should be denied, as well as his request that the Court "sanction the defense and Chase and to strike the Defendant's defense." (Pl.'s Mot., Attach. 1 at 4); *Stanback*, 180 F.3d at 911 ("Where a party fails to carry her burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified.") (quotations omitted).

## RECOMMENDATION

For the reasons stated, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion for Summary Judgment (Doc. No. 37), be **GRANTED**;

2. Plaintiff's Motion to Compel and 56(f) Motion for Continuance (Doc. No. 47), be **DENIED**; and

3. This action be dismissed with prejudice.

Date:   February 28, 2011

                                             *s/ Jeffrey J. Keyes*
                                             JEFFREY J. KEYES
                                             United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 14, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

     Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.